IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

GWENDOLYN TUCKER, )
    Plaintiff, )
     )
vs. ) Civil Action No. 08-33
     )
ALLEGHENY GENERAL HOSPITAL, )
et al., )
    Defendants. )

## MEMORANDUM ORDER

On January 7, 2008, Plaintiff Gwendolyn Tucker filed this action against Defendants, Allegheny General Hospital and Allegheny Speciality Practice Network, alleging that she was unlawfully terminated from her position as an office manager on June 6, 2007 on the basis of her gender, race (African American) and age (51), in violation of VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000-e to 2000e-17 (Title VII), the Age Discrimination in Employment Act, 29 U.S.C. §§ 621-34 (ADEA), and the Pennsylvania Human Relations Act, 43 P.S. §§ 951-63 (PHRA).

Lois Glanby, Plaintiff's original counsel, withdrew from the case and was replaced by Joel Sansone, who filed an amended complaint on her behalf on August 12, 2008. According to the uncontradicted representations of Defendants' counsel, during Plaintiff's deposition in 2008, Attorney Sansone stopped the deposition when Plaintiff failed to tell the truth. On November 5, 2008, Attorney Sansone filed a motion to withdraw (Docket No. 28), which the Court granted.

Thereafter, Plaintiff requested and was granted numerous extensions of time in which to find new counsel, but she was unable to do so. A status conference was held on February 23, 2009, at which Plaintiff appeared pro se and the parties were directed to complete their discovery

by June 1, 2009 and to engage in a mediation by June 15, 2009 (Docket No. 32).

On April 16, 2009, Defendants filed a motion for sanctions (Docket No. 33), in which they explained that they had scheduled Plaintiff's deposition for March 6, 2009 and again for April 16, 2009, but on both occasions Plaintiff simply did not appear. In addition, she gave no notice that she would not appear and failed to communicate with Defendants' counsel in any way. This caused Defendants to incur approximately $500.00 in costs and delayed the case.

On April 27, 2009, the Court entered an order that terminated the motion for sanctions, but directed Plaintiff to appear at her deposition as scheduled by Defendants. The order stated that "Failure to appear at the scheduled deposition will result in the imposition of sanctions, which may include dismissal of the case." (Docket No. 34.) On May 5, 2009, Defendants filed another motion for sanctions (Docket No. 35), in which they stated that they had again noticed Plaintiff's deposition, this time for May 5, 2009, but again she failed to appear or to communicate in any way with defense counsel about the matter. A hearing on this motion was scheduled for May 22, 2009 at 9:30 a.m. and notice was provided to Plaintiff.

At the hearing, Defendants' counsel (Thomas Anderson) appeared, but Plaintiff did not. Attorney Anderson reiterated the sequence of events described above and requested that the Court sanction Plaintiff by dismissing her case.

It is clear that the punitive dismissal of an action for failure to prosecute or for failure to comply with court orders is left to the discretion of the Court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the Court must consider six factors. These factors, as set forth in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Consideration of these factors reveals that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to Plaintiff's failure to comply with this Court's orders which weigh heavily against her. Such compliance was not only Plaintiff's sole personal responsibility, Emerson v. Thiel College, 296 F.3d 184, 190 (3d Cir. 2002), but her continued failure to appear for a scheduled deposition even after the Court ordered her to do so appears willful and constitutes a history of dilatoriness. In addition, she did not appear at the hearing on May 22, 2009 to explain her conduct and thus the record fully supports the conclusion that her lack of compliance was willful.

With respect to the second factor – the prejudice caused to the adversary by the plaintiff's failure to comply with this Court's orders – the case cannot proceed until the Plaintiff submits to a deposition so that Defendants can prepare their defense, and therefore her failure to do so causes Defendants prejudice. Finally, factor No. 6 – the meritoriousness of the claims – will be weighed neither in favor nor against Plaintiff. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. It does not appear that monetary sanctions are appropriate. Plaintiff did not even appear in Court despite

an order to do so, and thus she was not even present for monetary sanctions to be imposed. Moreover, although Defendants have incurred costs when they scheduled depositions at which Plaintiff did not appear, the real issue is that the case cannot proceed because Plaintiff will not submit to a deposition. Ordering Plaintiff to reimburse Defendants for costs incurred will not resolve the problem and Plaintiff has already demonstrated that she will not follow a court order directing her to appear for her deposition. Thus, dismissal appears to be the most appropriate action for this Court to take since no other sanctions will serve justice.

ORDER

AND NOW, this 22nd day of May, 2009,

IT IS HEREBY ORDERED that Defendants' motion for sanctions (Docket No. 35) is granted and the above-captioned case is dismissed for Plaintiff's failure to prosecute and failure to comply with Court orders.

s/Robert C. Mitchell
Robert C. Mitchell
United States Magistrate Judge

cc: Gwendolyn Tucker
 307 Rose Avenue
 Pittsburgh, PA 15235